## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIPING DONG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | )    **Case No. CIV-26-905-D** |
| MARKWAYNE MULLIN, et al., | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Petitioner Liping Dong, a noncitizen,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Timothy D. DeGiusti referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government responded, Doc. 8, and the time for Petitioner to reply has lapsed, Doc. 6. So the matter is at issue.

For the reasons below, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1.

---

[1]  This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2]  Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I.    Factual background and Petitioner's claims.

Petitioner is a citizen of China who entered the United States on August 25, 2015, on a nonimmigrant visitor visa (B-2), with authorization to remain in the United States until February 24, 2016. Doc. 8, Exs. 1, 2. On or about October 26, 2015, Petitioner filed an I-589 application for asylum. Doc. 1, at 5.

On May 30, 2025, Petitioner attended her Form I-589 interview at the Los Angeles Asylum Office. *Id.* Following the interview, U.S. Citizenship and Immigration Services (USCIS) issued a Request for Evidence regarding two arrests in the United States. *Id.*

Petitioner obtained a minute order dismissing a charge in Fresno, California, on June 10, 2025. *Id.* However, on July 7, 2025, when she appeared at the Lubbock County, Texas, Sheriff's Office to post bond in connection with another matter, she was taken into custody. *Id.* at 5-6. That office detained her without bond until January 6, 2026, when her criminal charge was dismissed. *Id.* at 6. The Sheriff's Office transferred her to Immigration and Customs Enforcement (ICE) custody on that same date. *Id.*

At an April 3, 2026, custody redetermination hearing, an Immigration Judge (IJ) denied bond to Petitioner, stating: "Denied because did not establish not a flight risk." *Id.* Ex. 2.

2

Petitioner asserts that the IJ's conclusory denial of bond violated her procedural due process rights. Doc. 1, at 6-7. She also argues that her prolonged detention after an unconstitutional bond hearing and without any end date violates her substantive due process rights. *Id.* at 8-9.

She requests that the Court assume jurisdiction over this matter, order that Petitioner shall not be transferred outside the Western District of Oklahoma while this habeas petition is pending; issue an order to show cause ordering Respondents to explain why this Petition should not be granted within three days[3]; grant her release, or in the alternative, provide her with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within five days; declare that Petitioner's detention is unlawful; and award Petitioner attorney's fees and costs under the Equal Access to Justice Act, as amended, 28 U.S.C. § 2412, and on any other basis justified under law. *Id.* at 9-10.

## II.   Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S.

---

[3]    The Court addressed the transfer and response requests in its Order for Response, Doc. 6.

475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III.   Discussion.

### A.   Section 1226 governs Petitioner's detention.

The parties agree that § 1226 governs Petitioner's detention. Doc. 1, at 7; Doc. 8, at 1. Respondents argue this Court lacks jurisdiction to review the IJ's decision and that "there is no evidence that the bond hearing was conducted in a manner that violated Petitioner's due process rights." Doc. 8, at 5-7.

### B.   The Court should deny Petitioner's claims.

Respondents urge the Court to deny Petitioner's due process claim because she received a bond hearing and the IJ determined that Petitioner was a flight risk. Doc. 8, at 5-7.

In determining whether a noncitizen is a flight risk, the IJ may consider the following factors:

4

(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

When a noncitizen like Petitioner is detained under § 1226(a) "the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v. Terry,* 465 F. App'x 784, 786 (10th Cir. 2012). "But the Attorney General's exercise of discretion is not subject to judicial review." *Id.* (citing 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.")). "In the context of an immigration bond hearing, district courts have jurisdiction to review [an IJ's] discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 676 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar,* 362 F. Supp. 3d 762 (N.D. Cal. 2019)). "To be sure, '[d]ue process is not satisfied by rubberstamp denials [of bond].'" *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D.

5

Okla. Mar. 17, 2026) (quoting *Chi Thon Ngo v. I.N.S.,* 192 F.3d 390, 398 (3d Cir. 1999)). But "a district court sitting in habeas . . . review[ing] due process challenges to immigration bond hearings must proceed carefully, as it 'has no authority to encroach upon an IJ's discretionary weighing of the evidence.'" *Diaz-Calderon,* 535 F. Supp. 3d at 676 (quoting *Arellano v. Sessions,* 2019 WL 3387210, at *7 (W.D.N.Y. 2019)).

Petitioner received a bond hearing, in which she was represented by counsel, and the IJ heard arguments by the parties as to the *Guerra* factors. *See* Doc. 11 (recording of bond hearing). The IJ, based on those factors, denied Petitioner's request for bond, determining she was a flight risk. *Id.* The IJ noted a lack of documented employment history, vague information about her sponsor, and her husband's lack of legal status in making his decision. Doc. 11. Although the form may appear conclusory in the IJ's checking a box, the undersigned concludes the hearing comported with due process. Petitioner reserved her right to appeal that decision to the Board of Immigration Appeals (BIA), but she did not do so. *See* 8 U.S.C. § 1252(b)(9); 8 C.F.R. § 1003.19(f) (authorizing appeals to the BIA from IJ bond decisions); 8 C.F.R. § 1236.1(d)(3) (discussing circumstances when a noncitizen may appeal a bond order to the BIA). Given the IJ's finding that Petitioner was a flight risk, the undersigned

recommends the Court deny Petitioner habeas relief as she has not been deprived of an individualized custody determination.

Petitioner also argues that her "detention has become prolonged because relief proceedings remain ongoing and adjudication of Petitioner's I-589 has no definite near endpoint." Doc. 1, at 9. "[D]etention during deportation proceedings [remains] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). Any assessment of the private interest at stake therefore must account for the fact that the Supreme Court has never held that noncitizens have a constitutional right to be released from custody during the pendency of removal proceedings, and in fact has held precisely the opposite. *Id.* at 530; *see, e.g.*, *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1292 (10th Cir. 2001) ("[T]he procedural safeguards are minimal because aliens do not have a constitutional right to enter or remain in the United States.").

Petitioner overstayed her visa and remained in the United States in violation of its immigration laws. Because she has already received a constitutionally adequate bond hearing, the Court should deny her petition for habeas corpus relief. *See, e.g.*, *Jennings v. Rodriguez*, 583 U.S. 281, 312 (2018) (holding lower court had "erroneously concluded that periodic bond hearings [were] required under [§1226(a)]").

7

## IV.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by July 29, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 15th day of July, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE